IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CAROL A. TOBIN, Individually and as Special Administratrix of the Estate of William F. Tobin, ET AL.<br><br>Plaintiffs,<br><br>VS.<br><br>AMR CORPORATION, ET AL.<br><br>Defendants. | § § § § § § § § § § § § | NO. 3-08-CV-0697-M |

## **MEMORANDUM ORDER**

Plaintiffs have filed a motion to compel proper responses to requests for admission. At issue are two requests asking defendants to admit that one or more of the "shock and save" events described in a document produced during discovery, which summarizes the use of Automated External Defibrillators ("AED") by domestic commercial airlines from 1997 to 2004, took place on a Boeing 757 aircraft operated by American Airlines, Inc. (*See* Plf. Mot., Exh. 2 at 3-4).[1] Defendants object that these requests are not reasonably calculated to lead to the discovery of

---

[1] The specific requests at issue are:

**Request for Admission No. 4:**
Admit that one or more of the "shock and save" events reflected in the document attached hereto as Exhibit 1 at bates-numbered American000313, entitled "Event Summary," took place on an American Airlines, Inc. Boeing 757 aircraft.

**Request for Admission No. 5:**
Admit that one or more of the "shock and save" events reflected in the document attached hereto as Exhibit 1 at bates-numbered American000313, entitled "Event Summary," took place on an American Airlines, Inc. Boeing 757 aircraft being operated by employees, agents or representatives of American Airlines, Inc.

(Plf. Mot., Exh. 2 at 3-4).

admissible evidence. (*See* Plf. Mot., Exh. 3 at 3-4). Subject to that objection, defendants admit that one or more the "shock and save" events reflected in the document took place on a Boeing 757 aircraft that was operated by employees, agents, or representatives of American Airlines, Inc. (*Id.*).

To the extent plaintiffs seek an order overruling defendants' objection to the relevance of these requests, their motion [Doc. #91] is granted. In their complaint, plaintiffs allege, *inter alia*, that defendants were negligent in failing to use an AED to timely resuscitate William F. Tobin, who suffered a cardiac event on board a Boeing 757 aircraft operated by American Airlines. (*See* Plf. First Am. Compl. at 6-8, ¶¶ 19-26). One possible defense suggested by defendants is that the configuration of a Boeing 757 does not permit the use of an AED. (*See* Plf. Reply Br. at 3). In light of this potential defense, whether other "shock and save" events took place on Boeing 757 aircraft operated by employees, agents, or representatives of American Airlines is unquestionably relevant to the feasibility of using an AED to resuscitate Tobin. If defendants do not intend to assert this defense, as they now argue in their response to the motion, (*see* Def. Resp. at 4), they may reurge their relevance objection should plaintiff attempt to use the admission "to make a misleading argument regarding the use of an AED" at the time of trial. (*See id.* at 3). However, at the discovery stage, plaintiffs are entitled to a response unencumbered by any objections.

To the extent plaintiffs seek an order compelling a response to these requests for admission, their motion is denied as moot.

SO ORDERED.

DATED: June 8, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE